■ In the Matter of WILFRED A. HOMMEL et al., Respondents, v HUGH R. CAREY, as Governor of the State of New York, et al., Appellants.—Appeals, by permission, from two orders of the Supreme Court at Special Term, entered September 20, 1977 and February 27, 1978 in Albany County, which transferred this proceeding pursuant to CPLR article 78 to a Trial Term of the Supreme Court and denied a motion by appellants for leave to renew. There is nothing in the record to indicate that petitioners made a demand prior to June 18, 1976, when they filed a grievance. Construing the filing of the grievance as a demand, the four-month Statute of Limitations could not begin to run until there has been a refusal to perform as demanded (CPLR 217). In our view, such a refusal could not have occurred until the decision at the third step of the grievance procedure on September 3, 1976 and, accordingly, this proceeding, commenced December 14, 1976, was timely. While the issue here is somewhat clouded by the initial, mistaken assumption of all parties that the dispute constituted a contract grievance, that factor should not serve to deprive petitioners of their day in court. Special Term transferred the matter to a Trial Term, concluding that a question of fact existed as to which paragraphs, if any, of the collective bargaining agreement apply to the issues raised by petitioners. Such a question, however, is initially one of law since it involves the construction of a contract and, accordingly, the matter should be remitted to Special Term. Order, entered September 20, 1977, modified, on the law and the facts, by deleting the second decretal paragraph thereof, and, as so modified, affirmed, without costs. Order entered February 27, 1978, affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., and Main, JJ., concur.

Larkin, J., dissents and votes to reverse in the following memorandum. Larkin, J. (dissenting). I respectfully dissent. The majority finds that the refusal, for the purposes of CPLR 217, did not take place until September 3, 1976, when the third step decision was issued in the soon to be abandoned

grievance proceeding. I disagree. Surely the demand and refusal occurred no later than June 18, 1976 when the petitioners instituted action under the collective bargaining agreement by the initial filing of a contract grievance. If there had been no refusal at this point, there would have been no grievance. In my view, any subsequent decisions under the guise of the grievance procedure, which petitioners now concede to be inapplicable to the complaints which are the subject of this proceeding, are irrelevant to the question of when the Statute of Limitations under CPLR 217 began to run. This proceeding, commenced on or about December 14, 1976, was instituted well beyond the four-month period and is untimely. The orders should be reversed, and the petition dismissed.